UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY HENSON | CIVIL ACTION |
| VERSUS | NO: 07-613 |
| ODYSSEA VESSELS, INC., ET AL. | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Strike the Jury Demand (Rec. Doc. 17). For the reasons stated below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

Plaintiff Jeffrey Henson was employed by Trinity Fabrication to work on a fixed platform located on the Outer Continental Shelf off the coast of Louisiana. Henson, in an effort to return to shore, was lowered in a personnel basket via crane onto the deck of a crew boat owned and operated by Odyssea. In the process of being lowered, Plaintiff alleges that he was "violently slammed into the cluttered deck" of the waiting vessel. Plaintiff also claims that the vessel was operating in rough seas. Henson filed this suit for damages sustained in that accident.

Henson sued Odyssea and the crane operator, Fluid Crane in this Court, invoking the Court's admiralty jurisdiction under Rule 9(h) of the *Federal Rules of Civil Procedure*. Fluid Crane answered the lawsuit and demanded a trial by jury under Rule 38. Plaintiff filed the instant motion to quash the jury demand. The motion to quash is opposed.

## DISCUSSION

In general, FED. R. CIV. P. 38 governs the procedure for requesting a jury trial in a civil case. Rule 38(e) provides that the "rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." *See Green v. GlobalSantaFe Drilling Co.*, No. 06-4013, 2007 WL 2008054 (E.D. La. July 6, 2007)(Barbier, J.).

Fluid Crane first notes that while it is true that the Seventh Amendment does not require a jury trial for cases in admiralty, nothing in federal law prevents a jury from being employed in admiralty cases.[1]  Nevertheless, neither Rule 38 nor

---

[1] The Seventh Amendment to the United States Constitution preserves the right to a trial by jury in all cases arising in law where the amount in controversy exceeds twenty dollars. U.S. CONST. amend. VII. Because the amendment merely "preserves" the right that existed at the time of the adoption of the Constitution, in 1789, the amendment does not guarantee a jury trial right in admiralty cases. *See Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. (3 Pet.) 433, 446 (1830) ("The phrase 'common law,' . . . is used in contradistinction to

2

the Seventh Amendment creates the right to a jury trial in admiralty cases.  *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20-21 (1963).  In *Fitzgerald*, the Supreme Court held that a seaman who joined a Jones Act claim and a maintenance and cure claim that arose out of the same facts was entitled to a jury trial on all claims.  The Defendant argues that it has the right to a jury trial in this matter, and therefore its jury demand should not be stricken, as this action is really one that is governed by OCSLA.

   The Outer Continental Shelf Land Act (OCSLA) provides that the law of the adjacent state is the law that is applied to drilling activities on the Outer Continental Shelf as long as it is not inconsistent with federal laws or regulations.  43 U.S.C. § 1333(a).  Accordingly, when there is a personal injury action involving events occurring on the Outer Continental Shelf related to the drilling for minerals, federal law controls, but such federal law is borrowed from the law of the adjacent state. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473 (1981).  Because the law of the adjacent state would be Louisiana, a jury trial right would attach to the OCSLA claim.  *See e.g. Solet v. CNG Producing Co.*, 908 F. Supp. 375, 377 (E.D. La. 1995)(Feldman,

---

equity, and admiralty, and maritime jurisprudence. . . . It is well known, that in civil cases, in courts of equity and admiralty, juries do not intervene.").

J.).

The plaintiff asserts that this case falls under the general maritime jurisdiction of the Court, and accordingly, a jury trial would not be applicable.  *See id.*  Accordingly, the question before the Court is whether this action is governed by OCSLA or General Maritime Law.

### General Maritime Law

For a tort action to be considered under General Maritime Law, the tort must occur on navigable waters and the tort must bear a substantial relationship to traditional maritime activity. 1 ROBERT FORCE AND MARTIN J. NORRIS, THE LAW OF MARITIME PERSONAL INJURIES § 1:13 (5th ed. 2004); *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995).[2]

### Maritime Location

The location of the alleged tortfeasor is not determinative of the location of a tort.  A Maritime location is tied to the location where the injury took place.  *West v. Chevron U.S.A., Inc.*, 615 F. Supp. 377 (E.D. La. 1985).  In *Solet*, Judge Feldman considered a situation very similar to the one at bar.  In that case, a construction worker on a fixed platform on the Outer Continental Shelf off the coast of Louisiana was injured while

---

[2]Put another way, the test is that the tort must have a "Maritime locus" and a "Maritime Nexus."

being transported via crane to a waiting vessel.  The plaintiff claimed that he was injured when the crane operator negligently set the personnel basket down of the deck of the waiting vessel. The court held that the location of the injury was on a vessel engaged in maritime commerce located in navigable waters at the time of the accident.  Accordingly, the tort had a Maritime locus.  *Solet*, 908 F. Supp. at 377.

## Maritime Nexus

In *Solet*, the court also considered whether the alleged tort had a maritime nexus.  The Supreme Court has ruled that the maritime nexus is satisfied by demonstrating that (1) the incident would potentially have a disruptive impact on maritime commerce and (2) that the general character of the activity giving rise to the incident shows a substantial relationship to a traditional maritime activity.  *Grubart*, 513 U.S. at 544.  Judge Feldman determined that this type of activity did not affect maritime commerce, and even if it did, nothing about the plaintiff's injury exudes a maritime flavor.  The fact that the plaintiff was injured on a vessel was merely fortuitous.  *Solet*, 908 F. Supp. at 378.  The same can be said in this case.  The mere fact that the injury occurred on a vessel is fortuitous, and therefore the action lacks the requisite maritime nexus.

Therefore the action against Fluid Crane is properly characterized under OCSLA, in that it occurred on the Outer Continental Shelf as a result of oil and gas exploration activities.  *See Union Tex. Petroleum Corp. v. PLT Eng'g*, 895 F.2d 1043, 1047 (5th Cir. 1990).

However, the claims against the vessel owners are maritime in nature.  There is no evidence of shared duties, liabilities, or operations which would warrant treating all defendants the same.  *See Solet*, 908 F. Supp. at 378.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Quash the Jury Demand is **DENIED**;

**IT IS FURTHER ORDERED** that trial will commence on **March 31, 2008 at 8:30 a.m. with a jury.**  With respect to the claims against Odyssea Vessels, Inc. and Odyssea Marine, Inc., the jury may be employed in an advisory capacity pursuant to F$_{ED}$. R. C$_{IV}$. P. 39(c).

New Orleans, Louisiana this the 7th day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE