UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFREY HENSON                          CIVIL ACTION

VERSUS                                  NO: 07-613

ODYSSEA VESSELS, INC., ET AL.           SECTION: "J" (3)

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Reconsider (Rec. Doc. 33).  For the reasons below, Plaintiff's motion is **DENIED**.

## BACKGROUND

The facts of this case are more specifically spelled out in this Court's earlier ruling on the Motion to Quash Jury Demand. (Rec. Doc. 17).  There is not reason to reiterate the facts in this motion.  The instant motion is one to reconsider the court's earlier ruling denying Plaintiff's Motion to Quash Jury Demand.

## DISCUSSION

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). If such a motion is

filed within 10 days it is considered under the standards of a
Rule 59(e) Motion to Alter or Amend Judgment. *Tex. A&M Res.
Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401 (5th Cir. 2003).

> A Rule 59(e) motion 'calls into question the
> correctness of a judgment.' [The Fifth Circuit
> Court of Appeals] has held that such a motion is
> not the proper vehicle for rehashing evidence,
> legal theories, or arguments that could have been
> offered or raised before the entry of judgment.
> Rather, Rule 59(e) 'serve[s] the narrow purpose of
> allowing a party to correct manifest errors of law
> or fact or to present newly discovered evidence.'
> Reconsideration of a judgment after its entry is
> an extraordinary remedy that should be used
> sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)
(citations omitted). This Court may properly decline to consider
new arguments or new evidence on reconsideration where those
arguments were available to the movant prior to the order. *Id.*

In this case, the Plaintiff has not presented any new
evidence.  Rather, Plaintiff's motion seems to be based on the
theory of a manifest error of law.  Plaintiff suggests that this
Court's reliance on *Solet v. CNG Producing Co.*, 908 F. Supp. 375

(E.D. La. 1995) is misplaced and that the case is distinguishable
on its facts.

A motion to reconsider is not the place to relitigate old issues.
Plaintiff's reply memorandum filed on November 6, 2007
specifically indicates that the Plaintiff felt that *Solet* was
distinguishable on its facts. (Rec. Doc. 28 at 5-7).  The mere
fact that Plaintiff disagrees with this Court's ruling is not
grounds for a motion to reconsider.  *See F.D.I.C. v. Cage*, 810 F.
Supp. 745, 747 (S.D. Miss. 1993)(holding that a motion that
"merely expresses disagreement with the findings of the Court" is
not grounds for a motion to reconsider).

    Therefore, the Plaintiff has not presented new evidence nor
has he shown that the Court committed a manifest error of law or
fact.  Accordingly,

    **IT IS ORDERED** that Plaintiff's Motion to Reconsider (Rec.
Doc. 33)is **DENIED;**

    **IT IS FURTHER ORDERED** that oral arguments on this motion are
**CANCELLED**

    New Orleans, Louisiana this the 7th day of January, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3