```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


JEFFREY HENSON                      CIVIL ACTION

VERSUS                              NO: 07-613

ODYSSEA VESSELS, INC., ET AL.       SECTION: "J" (3)
```

**ORDER AND REASONS**

Before the Court are Four Motions in Limine filed by both the Plaintiff and the Defendants.  The Plaintiffs have filed a Motion to Exclude Testimony of Dr. Carl Goodman, References to Dr. Goodman's Report, and Testimony of David Scrutton (Rec. Doc. 48) and a Motion in Limine to Exclude Evidence Related to Any Drug Testing Occurring on January 29, 2007 (Rec. Doc. 51).  Defendants filed a Motion in Limine to Strike Testimony of Liability Experts (Rec. Doc. 49) and a Motion in Limine to Exclude Testimony of Glenn Hebert and Bernard Pettingill (Rec. Doc. 50).  Each motion will be discussed in turn.

**BACKGROUND**

Plaintiff Jeffrey Henson was employed by Trinity Fabrication to work on a fixed platform located on the Outer Continental Shelf off the coast of Louisiana.  Henson, in an effort to return to shore, was lowered in a personnel basket via crane onto the deck of a crew boat owned and operated by Odyssea.  In the

process of being lowered, Plaintiff alleges that he was "violently slammed into the cluttered deck" of the waiting vessel. Plaintiff also claims that the vessel was operating in rough seas. Henson filed this suit for damages sustained in that accident.

## DISCUSSION

*A. Motion in Limine to Exclude the Testimony of Carl G. Goodman, M.D. and to Exclude Certain Testimony of David H. Scruton*

Plaintiff filed this Motion to Exclude the Testimony of Dr. Goodman on the grounds that his testimony would be cumulative and would only serve to prolong trial. Dr. Goodman is expected to provide substantially the same expert opinions as a Dr. Douglas C. Brown. Both doctors are expected to testify as to the spinal, back, and leg injuries of the Plaintiff.

FED. R. EVID. 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." The Defendants do not dispute that Dr. Goodman will testify to substantially the same conclusions as Dr. Brown, but merely suggest that because

there is no improper motive, Dr. Goodman's testimony should be allowed as it has a "clear and strong probative value." Defendant's also claim that a finding that testimony is cumulative, by itself, does not compel a court to find that the evidence should be excluded under rule 403.

In determining whether to exclude evidence pursuant to Rule 403, a district court is invited to consider whether the probative value of anticipated testimony is substantially outweighed by "the needless presentation of cumulative evidence." *United States v. Colomb*, 419 F.3d 292, 303 (5th Cir. 2005).  In general, a trial court is permitted to exclude testimony on the grounds that it will be repetitions of evidence already introduced.  *See Consolidated Grain & Barge Co. v. Marcona Conveyor Corp.*, 716 F.2d 1077, 1083 (5th Cir. 1983); *United States v. Haynes*, 554 F.2d 231, 233 (5th Cir. 1977).  The Ninth Circuit has noted that cumulative evidence is that which "replicates other admitted evidence."  *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979).  District courts are granted broad discretion in determining whether evidence should be admitted based on considerations of relevancy and materiality.  *See Marcona Conveyor Corp.*, 716 F.2d at 1083; *United States v.*

*Cleveland*, No. 96-207, 1997 WL 2554, at *1 (E.D. La. Jan. 2, 1997)(Vance, J.).

Accordingly, after balancing all of the factors, this Court finds that Dr. Goodman's testimony is likely to be repetitious of Dr. Brown's testimony, which will already be in evidence. Therefore, Plaintiff's Motion in Limine to Exclude the Testimony of Dr. Goodman is **GRANTED**.

Plaintiff also seeks to limit the testimony of David Scruton, a maritime liability expert. Plaintiff's motion seeks to exclude three statements included in Mr. Scurton's report. Each statement will be discussed in turn.

*1.* "Mr. Henson admitted to a history of marijuana usage. Urine testing for controlled substances is a normal and customary practice following any sort of marine incident. Mr. Henson's refusal to provide an adequate urine sample for testing following the alleged incident therefore raises suspicions."

Plaintiff asserts that the statement is mere speculation as defined in F̲ED̲. R. E̲VID̲. 701 and 702, and further would be prejudicial under rule 403. Defendants argue that the assertion is an absolute fact that cannot be contradicted, as well as common-sense assertions.

To the extent that Mr. Scruton's statements are being offered as expert testimony, there is no indication that Mr. Scruton is an expert in any field related to drug testing. Therefore the statement cannot be said to be a part of the expertise of the witness. Furthermore, if the statement is not in the expertise of the witness, then it is mere speculation, or hearsay, as there is no indication that the witness has independent knowledge of these facts.

*2.* "Finally, we believe that the sequence and severity of events, as testified to by Mr. Henson, are unsupported and specifically contradicted by all other testimony and contemporary witness statements."

Plaintiff alleges that this comment regarding the veracity of Plaintiff's testimony usurps the jury's inherent authority to assess the credibility of the witnesses. Defendant argues that Mr. Scruton is merely recounting the testimony of all the witnesses and forming an opinion as to what happened, as is his right. Further Defendant alleges that everything Mr. Scruton testifies to is factual in nature, and therefore should be allowed into evidence.

The mere fact that all of the facts that Mr. Scruton testifies to are true is irrelevant to this issue. Plaintiff is certainly

correct that determining the credibility of witnesses is the province of a jury.  *See United States v. Deville*, 278 F.3d 500, 506 (5th Cir. 2002); *United States v. Rasco*, 123 F.3d 222, 229 (5th Cir. 1997).  Therefore, while Mr. Scruton may testify as to his version of events, he may not comment on the veracity or credibility of Mr. Henson.

*3.* "While we maintain that the Crane Operator did not properly lower the personnel basket to the deck of the M/V ODYSSEA TEAM, based on the accounts of the witnesses and Mr. Henson's personal actions after the incident, we do not believe the procedure caused significant injury to Mr. Henson."

Plaintiff claims that because Mr. Scruton is not a medical doctor, there can be no testimony from him regarding whether the alleged incident caused injury to Mr. Henson.  The Defendant does not object to excluding any testimony by Mr. Scruton related to whether the alleged incident caused injury to the Plaintiff. Therefore Mr. Scruton's testimony will be so limited. Therefore, Plaintiff's Motion in Limine to limit the testimony of David Scruton is **GRANTED**.  Defense counsel shall not question Mr. Scruton on these matters and shall instruct Mr. Scruton that he is not to testify as to them.

*B. Defendants' Motion to Strike Testimony of Liability Experts*

6

Defendants seek to strike all liability experts on the grounds that such testimony is unnecessary and will be confusing to the jury. As discussed earlier, FED. R. EVID. 403 provides that relevant evidence may be excluded if its probative value is outweighed by unfair prejudice, confusion of the issues, or misleading the jury. Further, Defendants argue that the use of expert testimony is only permissible when "scientific, technical or specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702.  In this case, Defendants argue that because all of the issues can be adequately described by the eyewitnesses, this is not a case which warrants expert testimony.

Defendants cite *In re Air Crash Disaster at New Orleans, Louisiana*, 795 F.2d 1230, 1233-34 (5th Cir. 1986), where the Fifth Circuit cautioned that district courts should take their function as a "gatekeeper" seriously when it comes to expert testimony.  Such a gatekeeping function is now mandated by rule 702 and by the Supreme Court decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  However, in *Air Crash Disaster*, the Fifth Circuit reiterated that it would retain a deferential standard in reviewing a trial court's decision to admit evidence, and specifically cautioned trial courts from

7

admitting all evidence in an effort to "let the jury sort it out."  795 F.2d at 1233-34.

Defendants also cite *Henry v. Gulf Dumar Marine, Inc.*, 2000 A.M.C. 2922 (E.D. La. 2000) for the proposition that "where the evidence and issues are within the common understanding of the average person, expert testimony is unnecessary."  In *Henry*, the Court considered whether it would admit the expert testimony of a liability expert in a Jones Act case.  The court determined that when the proposed expert does not offer "any scientific, technical, or other specialized analysis or basis for his conclusions [it] demonstrates that specialized skill or knowledge is not necessary to understand the evidence and issues in the case."  *Id.*  However, the case at bar is distinguishable from both *Air Crash Disaster* and *Henry*.

Plaintiff argues that his intent at trial is to show that Defendants "breached the applicable standards of care for vessels and crane operators and did not comply with customary and safe procedures and operations during the transfer of the plaintiff from the platform to [the] vessel."  (Rec. Doc. 59, at 6).[1]

---
1 Plaintiff notes that his experts intend to testify to the following:
  1. The vessel's and crane operator's respective duties to stop a transfer in certain weather and sea conditions;
  2. Proper operation of a crane using a personnel basket;
  3. Safe practices in landing a personnel basket;

8

Plaintiff asserts that a lay person does not have the specialized knowledge regarding cranes, personnel transfers, vessel operations, or marine safety, and that expert testimony will assist the trier of fact in making these determinations.

As already noted, trial courts are afforded broad discretion in determining when technical or specialized knowledge will assist the trier of fact. *Air Crash Disaster*, 795 F.2d at 1233. Further, courts in this district have noted that the only standard a court is to consider is whether expert testimony will assist the trier of fact. *See Williams v. McCall's Boat Rentals*, No. 99-1769, 2000 WL 1154602 (E.D. La. Aug. 14, 2000); *Scoric v. Sea Horse Marine*, No. 97-2092, 1998 WL 175897 (E.D. La. April 13, 1998). Accordingly, this Court finds that liability experts **will** assist the trier of fact in determining facts in issue. Of course, the Court retains the ability to limit or control the scope of such testimony at trial. Therefore, Defendants' Motion to Strike Liability Witnesses is **DENIED.**

---

4. The vessel crew member's responsibilities during a transfer;
5. The Captain's responsibilities during a transfer;
6. The amount of space needed to safely land a personnel basket;
7. Industry guidelines and recommended practices regarding offshore crane operations.

(Rec. Doc. 59, at 6).

9

## *C. Defendant's Motion in Limine to Exclude Testimony of Glenn M. Hebert and to Limit Testimony of Bernard Pettingill, Jr.*

Defendant filed this motion in limine to exclude the testimony of Glenn Hebert, a vocational rehabilitation counselor, on the grounds that his opinion is unreliable, speculative, and fails to meet the standard of *Daubert*, 509 U.S. at 579. Defendants note that Mr. Hebert issued a report in which he asserted that Mr. Henson's earning capacity prior to the alleged incident "would have been $72,000 to $74,000 per year." (Rec. Doc. 50-3, at 3). Defendants assert that Mr. Hebert does not set forth any basis or reasons for his opinion. Therefore, Defendants allege that Mr. Hebert's opinion cannot satisfy the standard in FED. R. EVID. 702.[2]

Defendants also seek to limit the testimony of Bernard Pettingill, an economist expected to testify as to Plaintiff's economic losses. Defendants assert that Pettingill has prepared two economic models, the first using the earning capacity from

---

2 Rule 702 provides that expert testimony may be offered if it will assist the trier of fact if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." The advisory committee notes remark that rule 702 was amended to conform with Supreme Court jurisprudence in *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137 (1999) and *Daubert*, 509 U.S. at 579.

Mr. Hebert, and the second using plaintiff's documented earnings of 2006. Defendants seek to prevent Mr. Pettingill from testifying regarding the earning capacity he obtained from Mr. Hebert.

Plaintiffs have not submitted an opposition to this motion. It should be noted that this Court would not be the first court in this circuit to refuse to accept the earning capacity report proffered by Mr. Glenn Hebert.[3] Given the applicable law, the Court's review of Mr. Hebert's report, and the failure of the Plaintiff to respond to the motion, Defendant's Motion in Limine to Exclude Testimony of Glenn M. Hebert and to Limit Testimony of Bernard F. Pettingill is **GRANTED**.

### D. Plaintiff's Motion in Limine to Exclude Evidence Related to Any Drug Testing Occuring on January 29, 2007

Plaintiff filed this motion to exclude any testimony of any drug test that occurred on January 29, 2007. The parties agree that after the alleged incident on January 27, 2007, Plaintiff remained on the ODYSSEA TEAM until the vessel reached dock in Venice, Louisiana. Upon reaching shore, Plaintiff was escorted by a company representative directly to a medical clinic called

---

3 *See, e.g., Albert v. Jordan*, No. 05-516, 2007 WL 4122519 (W.D. La. Nov. 19, 2007)(holding that Mr. Hebert had not provided adequate methodology to support testimony related to a loss of earning capacity).

MedXcel in Abbeville, Louisiana.  Plaintiff arrived at a MedXcel clinic sometime between late in the evening of January 27, 2007 and early in the morning of January 28, 2007, where he was examined by a physician assistant.  As a part of this examination, Plaintiff submitted to a drug test.  The test was considered valid and came back negative.

Plaintiff returned to the MedXcel clinic on January 29, 2008, for a routine follow-up office visit and was asked to provide a urine sample for a second drug test. The second drug test, which was outside the usual protocol, was conducted at the special request of the employer.  Plaintiff produced a urine sample at the second drug test which was considered invalid because its temperature was too high.  Medical personnel thereafter asked Plaintiff to produce a second sample, this time under supervision.  Plaintiff refused. Plaintiff now seeks to exclude any testimony related to this second drug test.

FED. R. EVID. 402 provides that all relevant evidence is admissible, except as otherwise provided by law.  Relevant evidence is defined as "evidence, having any tendency to make the existence of any fact that is of consequence the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  As noted earlier, rule

12

403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury.  FED. R. EVID. 403.  Therefore, in this case, the Court must first determine whether the proffered evidence is relevant.  If relevant, the Court must weigh whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

*1. The Evidence's Relevance*

The Defendants maintain that it is possible that Plaintiff's judgment may have been impaired at the time of the accident, and therefore his ability to prevent the accident is relevant to the issue of liability.  Defendants cite to *Socony Mobil Oil Co. v. Taylor*, 388 F.2d 586, 587 (5th Cir. 1968).  In *Taylor*, the Fifth Circuit determined that the fact that Plaintiff drank a beer prior to his motor vehicle accident was relevant to the issue concerning Plaintiff's ability to judge distance.  *Id.* Likewise, if true, Plaintiff's alleged drug use may be relevant to the issue of whether Plaintiff's own actions contributed to his injuries.  However, it should be noted that even a positive drug test would not prove that the Plaintiff was under the influence of drugs at the time of the accident, and an invalid sample can

indicate many things, only one of which is that the test was falsified. Therefore it is only marginally relevant for Defendants to introduce evidence of the second drug test. However, given that the Supreme Court favors a liberal standard of admissibility, the evidence likely passes muster, though barely, as relevant evidence as defined by Rule 401. *See Daubert*, 509 U.S. at 587.

## 2. Unfair Prejudice

Next the Court must determine whether the relevant evidence's probative value is substantially outweighed by the danger of unfair prejudice. The Fifth Circuit has cautioned that "unfair prejudice" as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. *Harris v. Kubota Tractor Corp.*, No. 04-2490, 2006 WL 2734460 (W.D. La. Sept. 22, 2006). Virtually all evidence is prejudicial; otherwise it would be immaterial. *Id.* The prejudice must be unfair. *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981). Rule 403 contemplates unfair prejudice to mean "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* Because Rule 403 allows for the exclusion of relevant evidence, its application "must be

14

cautious and sparing." *Brady v. Fort Bend County*, 145 F.3d 691, 715 (5th Cir. 1998).

As explained above, while the evidence of the drug testing may be relevant, the balancing test suggests that the Court should nonetheless exclude it for being unfairly prejudicial. As the evidence stands, the Plaintiff has passed the only drug test that has been completed, and simply has refused to give a second drug test. Defendants suggest that they have evidence that the Plaintiff falsified his first drug test, and therefore the incident relating to his second drug test is even more suspicious. Defendants' evidence comes from the declaration of Jude Meaux, who will testify that he learned from Plaintiff's supervisor, Keith Chouest, who learned from Plaintiff's co-workers that there was reason to question the legitimacy of the post-accident drug test. (Rec. Doc. 62, at 3). Such evidence would be hearsay within hearsay, and not admissible under FED. R. EVID. 802.

Defendants have also submitted evidence in the form of records it obtained from the United States Department of Labor, Office of Worker's Compensation Claims, in which Defendant Trinity Fabrication, LLC and its workers' compensation carrier indicate to a federal claims investigator that they were controverting

15

plaintiff's claim for compensation due to the fact that "co-employee 'eyewitnesses will testify that claimant bragged to his co-employees that he used synthetic urine to pass the drug test.'" (Rec. Doc. 65, at 2). Defendants have submitted letters from Defense Counsel to the Department of Labor, which state that eyewitnesses will testify that Plaintiff bragged of "using synthetic urine to pass the test." Such evidence is hearsay within hearsay.

Under FED. R. EVID. 805 hearsay within hearsay is only permissible "if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules. Defendants seek to introduce evidence that Counsel told a Government investigator that eyewitnesses told the Defendants that Plaintiff told them that he falsified the drug test. Defendants assert that Plaintiff's statement to the eyewitnesses is not hearsay as an admission under FED. R. EVID. 801(d)(2) or a statement against interest under FED. R. EVID. 804(3). While Defendants may be correct, there is no evidence of a hearsay exception for the eyewitness statement to Defendants, or to the investigators. Therefore the statements still must be considered hearsay.

16

Defendants also submit the declaration of Keith Chouest, Plaintiff's supervisor, who indicates that his personal observation that Plaintiff may have been using druges because he "appeared to be acting hazy, did not seem to be understanding things he would be expected to have understood, and appeared sluggish to him." (Rec. Doc. 65-2 at 8). Such a statement is certainly evidence that Plaintiff appeared in that certain way to Mr. Chouest. However, the statement is not probabtive of whether the Plaintiff was under the influence of drugs at the time of the accident. For Mr. Chouest to attribute such behavior to drug use is speculation at best.4

Defendants seek to introduce evidence of the second drug test to indicate that Plaintiff may have been under the influence of drugs at the time of the accident. However, Defendants can produce nothing more than speculation and hearsay evidence in support of their proposition. Any mention of the second drug test

---

4Defendant Fluid Crane indicates that Plaintiff's "creditbility, including his credibility regarding the extent and nature of his [injuries] is a 'front and center issue in this case. Plaintiff's veracity, or lack of veracity, in providing a valid urine sample for a post accident drug screen is certainly relevant to his credability regarding this and other issues in this lawsuit." (Rec. Doc. 66-4, at 1). The Court notes that Fluid Crane seems to be indicating that Plaintiff's character is being called into question. Generally speaking, "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." FED. R. EVID. 404.

could only serve to suggest to the jury that Plaintiff was under the influence at the time of the accident or to simply prejudice the jury against Plaintiff based on his supposed drug use. Such a conclusion would be improper given the evidence Defendants currently possess. As such, at this time, evidence of the second drug test would be unfairly prejudicial to the Plaintiff, and will be excluded. If circumstances change or if the Defendants obtain new evidence, the Court can revisit this issue.

Therefore, Plaintiff's Motion in Limine to Exclude Evidence of Any Drug Testing Occurring on January 29, 2007 is **GRANTED without prejudice** to the Defendants' ability to revisit the issue at a later time if new evidence is presented.

## CONCLUSION

Accordingly, the Court issues the following orders:

**IT IS ORDERED** that Plaintiff's Motion to Exclude Testimony of Dr. Carl Goodman, References to Dr. Goodman's Report, and Limit Testimony of David Scrutton (Rec. Doc. 48) is **GRANTED;**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Strike Testimony of Liability Experts (Rec. Doc. 49) is **DENIED;**

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Testimony of Glenn Hebert and Limit Testimony of Bernard Pettingill (Rec. Doc. 50) is **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Evidence Related to Any Drug Testing Occurring on January 29, 2007 (Rec. Doc. 51) is **GRANTED without prejudice** to Defendants' revisiting the issue if additional evidence is obtained.

New Orleans, Louisiana this the 15th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE