```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

   JEFFREY HENSON                        CIVIL ACTION

   VERSUS                                NO: 07-613

   ODYSSEA VESSELS, INC., ET AL.         SECTION: "J" (3)
```

**ORDER AND REASONS**

On November 7, 2007, this Court issued an Order denying Plaintiff's Motion to Strike the Jury Demand of Defendant Fluid Crane. (Rec. Doc. 31). This Court reasoned that the claims against the crane operator were governed by OCSLA since the alleged accident occurred on the Outer Continental Shelf as a result of oil and gas exploration.  This Court further held that the claims against the vessel operator and vessel owner were maritime in nature, and that there was no evidence of "shared duties, liabilities, or operations which would warrant treating all defendants the same."  Based on this finding, the Court held that the motion to quash the jury demand would be denied, and that trial would commence on March 31, 2008 with a jury.  The Court further held that with respect to the claims against Odyssea Vessels, Inc. and Odyssea Marine, Inc., the jury may be

employed in an advisory capacity pursuant to the authority in FED. R. CIV. P. 39(c).

This Order is intended to modify and clarify the Court's previous order. Upon careful consideration, the Court orders that a jury will decide all claims in this case.

## BACKGROUND

Plaintiff Jeffrey Henson was employed by Trinity Fabrication to work on a fixed platform located on the Outer Continental Shelf off the coast of Louisiana. Henson, in an effort to return to shore, was lowered in a personnel basket via crane onto the deck of a crew boat owned and operated by Odyssea. In the process of being lowered, Plaintiff alleges that he was "violently slammed into the cluttered deck" of the waiting vessel. Plaintiff also claims that the vessel was operating in rough seas. Henson filed this suit for damages sustained in that accident.

On October 2, 2007, Plaintiff filed a motion to strike the jury demand of Defendant, Fluid Crane, the crane operator. Plaintiff asserted that his claim was pled as a maritime claim under Rule 9(h) and therefore Fluid Crane had no right to a jury trial. Fluid Crane responded that the claim against it was in fact governed by OCSLA. Under OCSLA, the court is bound to apply the law of the adjacent state - Louisiana in this case.

Louisiana law would give the Crane operator the right to a jury trial for the negligence claims against it.  The Court further held that the claims against Odyssea Vessels and Odyssea Marine were maritime in nature, and therefore would not be tried before a jury.  The Court based its ruling on *Solet v. CN Producing Corp.*, 908 F. Supp. 375 (E.D. La. 1995).

In *Solet*, Judge Feldman considered the case of a contract welder who was allegedly injured during a personnel basket transfer between a platform and the M/V LOCKHART.  *Id.* at 376.  The court determined that the claims against the platform based crane operator were governed by the Outer Continental Shelf Lands Act ("OCSLA").  *Id.* at 378 (*citing* OCSLA, 43 U.S.C. § 1333 (a)(2)(A)).  Because OCSLA borrows the law of the adjacent state as a surrogate for federal law, the court determined that Plaintiff was entitled to a jury trial for the claims against the crane operator.  *Id.* at 378.  The *Solet* court further held that the claims against the vessel owners and operators were maritime in nature under the test set forth in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533-34 (1995).  *Solet*, 908 F. Supp. at 377-78.  Therefore the Court held that trial on the matter would take place before a jury, but with respect to the claims against the vessel owner and the vessel operator, the jury would be used in an advisory capacity pursuant

to rule 39(c).  *Id*. at 378.

This Court issued its order on November 8, 2007.  On November 16, 2007, Plaintiff filed a motion for this Court to reconsider its ruling.  (Rec. Doc. 33).  Plaintiff's motion insisted that this Court's reliance on *Solet* was misplaced, noting that the facts and procedural history of *Solet* distinguished the case from the one at bar.  *(*Rec. Doc. 33-2 at 2).  Plaintiff attempted to explain to the Court that the testimony in question indeed showed that there was a maritime nexus to the activity in question.  *Id.* at 3.  Plaintiff included in his motion, at the end of the section dedicated to whether there was a maritime nexus, a statement that "there is evidence that supports treating the crane operator and the vessel together under maritime law."  *Id.* at 5.  The Plaintiff's claim insists that it was the combined negligence of the vessel operator and the crane operator operating in tandem which caused the plaintiff's injuries.  Therefore, Plaintiff argued that the claims must all be determined to be maritime in nature, and tried before the Court sitting in admiralty.

This Court denied Plaintiff's Motion to Reconsider on January 7, 2008.  (Rec. Doc. 45).  This Court determined that because the Plaintiff had not presented new evidence or shown that the Court committed a manifest error of law, the motion to

4

reconsider must be denied. *Id.* at 3. At this time, the Court is determining whether and to what extent the trial should proceed with an advisory jury as to the claims against Odyssea Vessels, Inc. and Odyssea Marine, Inc.

**DISCUSSION**

The Seventh Amendment to the Constitution of the United States provides that "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved..." U.S. CONST. amend. VII. The Supreme Court has long held that the term "common law" is meant in contradistinction to cases in admiralty or equity. *See Parsons v. Bedford, Breedlove, and Robeson*, 28 U.S. (3 Pet.) 433, 446 (1830). Therefore the Supreme Court has held that there is no requirement of a jury trial right for cases that arise when a District Court is sitting in admiralty. However, while this is the case, the Supreme Court has noted that there is no law which prohibits a jury from sitting in admiralty cases. *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963).

In *Fitzgerald*, the Supreme Court considered the claim of a seaman who asserted a Jones Act claim against his vessel employer, in addition to a claim for maintenance and cure as well as a claim for unseaworthiness. The Court noted that Congress afforded the seaman a right to a jury under a specific provision

of the Jones Act.  The Court also noted that the unseaworthiness claim and the claim for maintenance and cure were traditional admiralty claims where the Plaintiff did not enjoy a right to a jury trial.  However, the Court held that "requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery."  *Id.* at 18-19.  Therefore, the Court held that "only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historic developments."  *Id.* at 21; *accord Daniel v. Ergon, Inc.*, 892 F. 2d 403, 409 (5th Cir. 1990)(holding that when the appellate court vacated Plaintiff's Jones Act jury verdict because Plaintiff was not a seaman, it is unnecessary for the maintenance and cure claim to be re-tried in front of a judge).

The Fifth Circuit considered a slightly different case in *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir. 1981).  In *Powell*, the Fifth Circuit considered a claim by a federal employee against a private vessel owner for damages allegedly sustained as a result of the consumption of contaminated drinking water aboard the M/V DRAGO.  *Id.* at 1064.

6

The court was asked to consider whether the Plaintiff was entitled to a jury trial by right.  Powell argued that because he was entitled to a jury trial by right against some diverse defendants, he was entitled to a jury trial against all defendants, even those sued in admiralty.  The Fifth Circuit, noted that the *Powell* case was markedly different from *Fitzgerald*, because in *Fitzgerald*, the Court assumed that there was a right to a trial by jury with respect to the Jones Act claim.  In *Powell*, the question was whether the right to a trial by jury exists at all with respect to any of the defendants, both the ones in admiralty and the diverse defendants.  *Id.* at 1069 n.7.  In *Powell*, the Fifth Circuit held that despite its differences from the present case, *Fitzgerald* prevented the splitting of the case into two triers of fact, when claims against all defendants arise out of the same maritime accident.  *Id.* at 1069.  However, the Fifth Circuit held that *Fitzgerald* should not be read to grant a jury trial right to all named defendants in all maritime cases in which even a single diverse defendant is named.  *Id.* at 1070.  Therefore the court held that the presence of a non-diverse defendant solely on the basis of federal admiralty jurisdiction implicates the rule of *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) and thereby destroys diversity jurisdiction in the case.  *Powell*, 644 F.2d  at 1071.

Therefore, this Court must reconcile, using the rules in *Fitzgerald* and *Powell*, the proper positioning of this case. *Debellefeuille v. Vastar Offshore Inc.*, 139 F. Supp. 2d 821 (S.D. Tex. 2001) is directly on point.  The *Debellefeuille* court considered a Plaintiff's claim against a crane operator and a vessel owner and platform operator for injuries he sustained in a personnel basket transfer from the ship in question, the M/V RON PAUL, to the offshore platform.  The court first determined that the claims against the crane operator and the platform operator fell under OCSLA.  *Id.* at 824.  The court also determined that the claims against the vessel in question were maritime in nature, and therefore traditionally would not require a jury trial.  *Id.*  The Court held that because the OCSLA claim was an independent federal cause of action, which allows trial by jury, it must determine the proper method by which to conduct this "hybrid" trial.  *Id.*  Considering both *Fitzgerald* and *Powell*, the court recognized two principles.  The first, consistent with both cases, is that the splitting of a fact finder in a case in which claims are interrelated is "condemned" by the Supreme Court's *Fitzgerald* ruling.  *Id.* at 825.  The court further noted that the *Powell* court rejected a jury trial for all defendants in that

8

case on the basis mentioned above, and therefore its application was not applicable to the case before it.  *Id.* at 826.  Therefore the court concluded that the ruling in *Fitzgerald* must control and granted a jury trial for all issues in the case, against all defendants.  *Id.*  The court specifically noted that the case was different from *Powell* in that the independent basis for federal jurisdiction in the *Debellefeulle* case was based on a federal question, and not the diversity of citizenship question that the *Powell* court considered.

The case at bar is very similar to the *Debellefeulle* case.  In both cases, the Court has determined that OCSLA controls the claims against the crane operator, and that general maritime law governed the claims against the vessel.  This Court, however, has held that the claims against the vessel operator and vessel owner are maritime in nature and therefore may be submitted to an advisory jury.  The Court based its ruling on *Solet*, where, considering similar circumstances, the court held that there was no evidence of shared duties, liabilities, or operations which would warrant treating the crane operator together with the vessel owners and operators.  908 F. Supp. at 378.  Therefore the Court held that there would be a jury trial as to the claims against the crane operator, but as to the vessel owner, the jury would be employed in an advisory capacity.

The *Solet* court did not speak to the exact circumstances which led it to determine that there was no evidence of shared liabilities or duties which would warrant treating the defendants the same.  It is also unknown what the outcome of such a trial would have been because the *Solet* case settled before it could head to trial.  However, despite this Court's statements to the contrary, it now appears that there is evidence that would support treating all defendants the same in this case.  The Supreme Court has cautioned that when there is essentially one lawsuit, there should only be one trier of fact.  In this case, there is essentially only one lawsuit.  The only claim in this case concerns Plaintiff's alleged injury during the transfer from the offshore platform to the vessel.  The case necessarily requires a fact finder to determine whether and to what extent the Vessel Owner, Vessel Operator, Crane Operator and Plaintiff were at fault for the injury.  Therefore, the concerns expressed by the *Fitzgerald* court are present in this case.  Without a single fact finder, this Court runs into the danger of either awarding too little or too much recovery.  As the Supreme Court noted, such confusion is especially evident in the award of damages. *Fitzgerald*, 374 U.S. at 19-20 ("It is extremely difficult for a judge in trying a [claim] to ascertain, even with the use of special interrogatories, exactly what went into the

damages awarded by the jury. . . .This raises needless problems of who has the burden of proving exactly what the jury did. And even if the judge can find out what elements of damage the jury's verdict actually represented, he must still try to solve the puzzling problem of the bearing the jury's verdict should have on recovery under the different standards of the [other] claim."). This Court agrees with the *Debellefeuille* court when it held that because splitting the fact finder was impermissible, and it must choose between a jury trial for all defendants and a bench trial for all defendants, the Court would choose a jury trial for all defendants because to do otherwise would eviscerate the Seventh Amendment right to a jury trial for the crane operator. *Debellefeuille*, 139 F. Supp. 2d at 821.[1]

None of the parties should be prejudiced by this order. The court notes that while trial on this matter is set for March 31, 2008, that is still more than a month away. Further, because the Court has already mentioned that it might employ an advisory jury

---

[1] The Court notes that the use of an advisory jury is not an attractive solution to this problem. Because the Court retains all fact finding responsibilities when an advisory jury is empaneled, the Court is still faced with a potential conflict between its findings and the findings of a jury. *See DeFelice v. Am. Int'l Life Assurance Co.*, 112 F.3d 61, 65 (2d Cir. 1997), *Verdin v. C&B Boat Co.*, 860 F.2d 150, 154 (5th Cir. 1988), *Frostie v. Dr. Pepper Co.*, 361 F.2d 124, 126 (5th Cir. 1966); *seel also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 337 n. 24 (1979) (noting that an advisory jury does not implicate the Seventh Amendment).

as to some claims, and other claims would be before a jury, all parties concerned have had adequate notice that the case would be before a jury.  The only difference at this point is whether the jury is advisory in nature.  There is no reason to think that the change in the jury's status should prejudice any party.  Accordingly,

**IT IS ORDERED** that all claims in this case will be tried to a jury;

**IT IS FURTHER ORDERED** that trial will commence on **March 31, 2008 at 8:30 a.m. with a jury.**

New Orleans, Louisiana this the 25th day of February, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE